# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

JESSICA POINDEXTER,

        Plaintiff,

*vs.*          Case No.: 1:19-cv-00297

GLOBAL CREDIT COLLECTION CORPORATION,

        Defendant.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, JESSICA POINDEXTER, against Defendant, GLOBAL CREDIT COLLECTION CORP., based on the following:

### I.     PRELIMINARY STATEMENT

1. Plaintiff has brought this action individually for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors,

to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9.      A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10.     A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11.     When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000.

12.     Plaintiff is seeking, both individually such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.     PARTIES

13.     POINDEXTER is a natural person.

14.     At all times relevant to this lawsuit, POINDEXTER was a citizen of, and resided in, the City of Neenah, Winnebago County, Wisconsin.

15.      GLOBAL CREDIT is a for-profit corporation formed under the laws of the State of Delaware.

16. REITZ is informed and believes, and on that basis alleges, GLOBAL CREDIT maintains its principal place of business at 5440 North Cumberland Ave., Suite 300, Chicago, Cook County, Illinois.

17. GLOBAL CREDIT's registered agent for service in Wisconsin is CT Corporation System, 301 South Bedford Street, Ste. 1, Madison, Wisconsin 53703.

### III. JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

20. GLOBAL CREDIT regularly engages in the collection of defaulted consumer debts.

21. GLOBAL CREDIT regularly engages in the collection of defaulted consumer debts owed to others.

22. In attempting to collect debts, GLOBAL CREDIT uses the mails, telephone, the internet, and other instruments of interstate commerce.

23. GLOBAL CREDIT is a business the principal purpose of which is the collection of defaulted consumer debts.

24. GLOBAL CREDIT mailed, or caused to be mailed, a letter to POINDEXTER dated February 26, 2018 (the "Letter").

25. The Letter alleged POINDEXTER had incurred and defaulted on a financial obligation (the "Debt").

26. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

27. The Letter was GLOBAL CREDIT's first written communication to POINDEXTER attempting to collect the Debt.

28. The Letter failed to include the disclosures required by 15 U.S.C §§ 1692g(a)(3)-(5).

## V. CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

30. GLOBAL CREDIT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

32. POINDEXTER is a "consumer" as defined by 15 U.S.C. § 1692a(3).

33. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The use and mailing of *Exhibit A* by Defendant in an attempt to collect the Debt violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Failing to provide a written notice containing the information required under 15 U.S.C. § 1692g(a) either with the initial communication or within five days after the initial communication;

## VI.  PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff demands judgment against Defendant as follows:

  (a) An award of statutory damages for the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

  (b) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  (c) An award of actual damages to Plaintiff to the extent the recovery of reasonable attorneys' fees and costs cause her a negative tax consequence; and

  (d) For such other and further relief as may be just and proper.

## VII.  JURY DEMAND

36. Trial by jury is demanded on all issues so triable.

Dated: February 26, 2019

*s/Andrew T. Thomasson*
Andrew T. Thomasson
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Jessica L. Poindexter*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com